**760** MATTER OF FITZPATRICK *v.* NEW YORK STATE T. R. BOARD.

Third Department, May, 1925. [Vol. 212

---

In the Matter of the Application of MARY E. FITZPATRICK, Respondent, for a Mandamus Order against NEW YORK STATE TEACHERS' RETIREMENT BOARD, Appellant.

Third Department, May 6, 1925.

Schools — teachers' retirement — retirement for disability under Education Law, § 1109-a — teacher does not have absolute right to retire — Retirement Board has discretion to grant or deny after physical examination — application for retirement for disability was not acted on by Board before teacher's death — Board cannot now be compelled to grant retirement — petitioner, teacher's beneficiary, named under option selected by teacher, not entitled to money which might have accrued had retirement been granted — rule of Retirement Board that disability claims shall not become effective until thirty days after filing is not unreasonable.

A school teacher does not have the absolute right under section 1109-a of the Education Law to be retired on the ground of disability, but the Retirement Board may retire a teacher on her application on the ground of disability after a medical examination has been made and the report submitted to the Board. The law does not specify the time within which action must be taken by the Board.

Accordingly, where a teacher dies a few days after making application for retirement on the ground of disability but before the Board has taken action and before she has been medically examined, the Board will not be compelled by mandamus on petition of the beneficiary, named by the teacher under the option selected, to grant retirement so that the beneficiary may receive the amount of money which she would have received if the teacher had been retired for disability.

*It seems,* that a rule adopted by the Retirement Board, that disability claims, if approved, shall not become effective until at least thirty days after their filing, is not unreasonable.

APPEAL by New York State Teachers' Retirement Board from a peremptory mandamus order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 23d day of December, 1924, commanding it to retire Elizabeth V. Fitzpatrick, a sister of the petitioner, as of January 10, 1924, and ordering it to pay petitioner,

as beneficiary, the sum of $7,463.39, with interest thereon from January 10, 1924.

The opinion of the Special Term is reported in 123 Misc. 829.

*Frank B. Gilbert* [*Irwin Esmond* and *Raymond F. Allen* of counsel], for the appellant.

*Gerald W. O'Connor* [*Thomas O'Connor* and *George E. O'Connor* of counsel], for the respondent.

H. T. KELLOGG, J.:

The law, entitled " State Teachers' Retirement Fund for Public School Teachers," being article 43-B of the Education Law (added by Laws of 1920, chap. 503, as amd.), provides for the retirement of certain member teachers, upon allowances to be made, in the event of superannuation or disability, but in no other event.   Section 1109 of the Education Law (added by Laws of 1920, chap. 503, as amd. by Laws of 1923, chap. 48) deals with " superannuation retirement."   The list of teachers entitled to this form of retirement includes a teacher member sixty years of age who has performed twenty-five years of service, if a present teacher, or if a new entrant who has completed twenty-five years of total State service; a teacher member, regardless of age, who has performed thirty-five years of service; a teacher member, regardless of service, who is seventy years of age.   As to every such teacher it is provided that he " may retire " on condition that he " files with the Retirement Board a statement duly attested setting forth at what date subsequent to the execution and filing thereof he desires such retirement."   As to each of them it is provided: " The Retirement Board *shall* retire said member as of the date so specified   *   *   *   or as of such other time within thirty days thereafter as the Retirement Board may find advisable."   Section 1109-a of the Education Law (added by Laws of 1920, chap. 503, as amd. by Laws of 1923, chap. 48) provides for " Disability retirement."   The list of availables for this form of retirement includes a member with fifteen years of State service to his credit; a present teacher member who has to his credit twenty years of service, the last ten of which is State service.   Such a member " may be retired on account of disability either upon the application of his employer or upon his own application " provided " the Retirement Board, after a medical examination of said member, made at the place of his residence within the State or other place mutually agreed upon, by a physician or physicians designated by said board shall determine upon the basis of a report submitted by said physician or physicians that the said member is physically or mentally incapacitated for the performance of duty and that said member ought to be retired."   The distinction made between the

class of members who seek retirement for superannuation and the class of members who seek retirement, or are required to retire, for disability, is quite evident. A member of the former class " may retire." The Retirement Board " shall retire said member." He must be retired " within thirty days " from the date specified by himself for retirement. His rights, therefore, to retirement and the fruits of retirement, granted that age and service are sufficient, are absolute. On the other hand, a member of the second class " may not retire " but " may be retired." His retirement eventuates only in case the Retirement Board " shall determine  *  *  *  that the said member is physically or mentally incapacitated," and " ought to be retired." This determination can be made only " after a medical examination of said member " and " upon the basis of a report submitted by said physician or physicians that the said member is physically or mentally incapacitated." The Retirement Board is not required " within thirty days " or within any other period to retire him. It may retire him, or refuse to retire him, accordingly as it determines the question of fact of disability. Moreover, in disability cases, the statute does not specify when the report and decision shall be rendered. Doubtless, the Legislature, realizing that a multiplicity of disability cases, worthy and unworthy, would arise, and that an extended period of investigation and deliberation would be required to dispose of them, considered it unwise to establish an arbitrary period within which decisions thereupon must be given. We are told by the defendant that more than 30,000 teachers are members of the retirement fund, and that the accumulated moneys of the fund exceed $7,000,000. While there is no proof of these facts we may take notice that the assertions made cannot far exceed the truth. Inevitably a multitude of disability cases must arise. Inevitably a substantial period of time must be required carefully to investigate and correctly to decide them. The preservation of the fund, and the security of its countless members, hang upon the justness of the decisions made in such cases. A rule has been adopted by the board that disability claims, if approved, shall not become effective until at least thirty days after their filing. We think this rule is not unreasonable. However that may be, we deem it indispensable to every disability claim that a report by the board's physician and a favorable determination by the board be made before the claim becomes effective. While the court may by mandamus compel the physician or the board to act within a reasonable time it may not originally decide for itself the question of disability or direct the physician or the board how the question shall be decided. The teacher member, whose case is under con-

sideration here, died within seventeen days of the filing of her application for her retirement, prior to any medical examination made by the board's physician or any determination by the board. We think that it cannot now be determined by this court that she was entitled to retire or that the petitioner, her beneficiary named under the option selected, is now entitled to that sum which might have accrued to her had the application for retirement been granted by the Retirement Board.

The order should be reversed and the writ dismissed.

All concur.

Final order reversed, on the law, and proceeding dismissed, without costs.