In the Matter of DAVID HENKEN, Appellant, *v.* NEW YORK STATE TEACHERS' RETIREMENT BOARD, Respondent.

Third Department, December 29, 1970.

*Curtis F. McClane* for appellant.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Albany County, which dismissed appellant's

petition in a proceeding brought pursuant to article 78 of the CPLR seeking review of a denial of the payment of disability benefits to petitioner as the designated beneficiary of such benefits by his deceased wife.

Petitioner's deceased wife, a teacher, had accumulated a credit of 15 years and 3 months in the State Teachers' Retirement System when she was forced to discontinue teaching due to cancer. On June 25, 1969 she applied for disability retirement pursuant to article 11 of the Education Law naming petitioner as beneficiary. Petitioner's wife died on July 11, 1969 and respondent, in accordance with paragraph 1 of subdivision b of section 512 of the Education Law, paid claimant $5,540.79 representing the decedent's contributions to the retirement system, plus interest, and, in accordance with paragraph 2 of subdivision b of section 512, paid petitioner an additional $18,826.02 representing the death benefit. Respondent refused to pay to petitioner additional benefits based upon the alleged disability retirement of the deceased employee because she died less than 30 days after filing her application for disability retirement, no option plan for the payment of benefits was selected, and the Retirement Board has made no determination on her application.

The basis for the respondent's position was a resolution adopted by it on June 6, 1924 pursuant to subdivision 1 of section 504 of the Education Law which provides that '' all claims, if approved, shall become effective 30 days after filing of the application for retirement ''. Appellant urges that this 30-day rule could not be adopted by the respondent pursuant to subdivision 1 of section 504 because it is not a rule or regulation pertaining to the administration and transaction of the board's business. We cannot agree with this contention (*Matter of Fitzpatrick* v. *New York State Teachers' Retirement Bd.,* 212 App. Div. 760). Such a rule is not unreasonable or beyond the scope of the board's authority (*Matter of Fitzpatrick* v. *New York State Teachers' Retirement Bd., supra,* p. 762). Nor is the fact that petitioner's wife was incapacitated by terminal cancer equivalent to a finding by the board that she was disabled (*Matter of Fitzpatrick* v. *New York State Teachers' Retirement Bd., supra,* p. 763). Accordingly, petitioner's wife never attained disability retirement status and petitioner was properly denied the benefits sought.

The judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Judgment affirmed, without costs.