BRUCE C. BEVAN, Respondent, v. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents, and BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE, Appellant.

Third Department, April 11, 1974.

*Joseph D. Quinn, Jr.*, for appellant.

*Bernard F. Ashe (James R. Sandner* of counsel), for Bruce C. Bevan, respondent.

KANE, J. This is an appeal from a judgment and order of the Supreme Court at Special Term, entered on September 5, 1973 in Albany County which: (1) granted summary judgment in favor of plaintiff declaring a portion of subdivision 1 of section 511 of the Education Law unconstitutional; (2) ordered plaintiff's reinstatement as a tenured teacher with certain back pay and benefits; and (3) denied defendant's cross motions to dismiss the complaint for insufficiency and for summary judgment.

Plaintiff, a tenured elementary teacher in defendant's school district and a member of the defendant New York State Teachers' Retirement System, voluntarily left his teaching assignment prior to the 1970–1971 school year under an extended sick leave to obtain medical treatment for diabetic retinopathy and recurrent hemorrhagic retinitis. Unfortunately, those treatments were unsuccessful and he became totally blind and so remains at the present time. In the summer of 1972 plaintiff made known his desire to return to his post that fall but was advised that the school board had changed his status to "medical disability retirement" despite receipt of a report from its medical supervisor that he was capable of working with certain limitations and a favorable letter from one of plaintiff's physicians. Appearing on the opening day of school that year, plaintiff was refused a teaching assignment as he has been on numerous occasions prior to the commencement of this action. In January of 1973 another examination, apparently conducted at the behest of the school board, produced a physician's recommendation that plaintiff not be allowed to engage in teaching. In the meantime, plaintiff had submitted a second favorable report from another of his physicians. Upon resolution of the school board in February of 1973, plaintiff's sick leave was terminated and an application for disability retirement was authorized and submitted by his employer to the Teachers' Retirement System. However, the record is devoid of information concerning the status of that application beyond a letter from the Teachers' Retirement System acknowledging receipt thereof.

Asserting his ability and anxiousness to resume full time teaching duties, plaintiff initiated this action for declaratory judgment, with a prayer for injunctive relief restraining the Teachers' Retirement System from processing that application,

claiming that subdivision 1 of section 511 of the Education Law was unconstitutional insofar as it might permit the involuntary retirement of a tenured teacher for physical reasons by the Teacher's Retirement System upon the application of an employing school district without some prior opportunity for a hearing on the matter. Special Term agreed and ordered plaintiff's reinstatement with back pay from the beginning of the 1972-1973 school year. Only the school district has appealed from that determination.

In relevant part, the attacked statute reads as follows: "A member [of the Teachers' Retirement System] * * * may be retired on account of disability either upon the application of his employer or upon his own application * * * if the retirement board, after a medical examination * * * by a physician or physicians designated by said board shall determine upon the basis of a report submitted by said physician or physicians that the said member is *physically or mentally incapacitated for the performance of duty, that he was incapacitated at the time he ceased teaching and that said member ought to be retired.* (Education Law, § 511, subd 1; emphasis supplied.) We agree with Special Term that plaintiff's tenure rights in continued employment are safeguarded by procedural due process and cannot be extinguished except upon cause following an opportunity for a hearing (cf. *Board of Regents* v. *Roth,* 408 U. S. 564; *Perry* v. *Sindermann,* 408 U. S. 593; Education Law, § 2509, subd. 2; §§ 3020, 3020-a). Although applicable to teachers in differently classified school districts, other provisions of the Education Law make it clear that "cause" may consist of "physical or mental disability" (Education Law, §§ 3012, 3013, 3014). However, it does not follow that the absence of a provision for such a hearing in the quoted statute renders it unconstitutional unless it is also shown that, acting under its authority, the Teachers' Retirement System has the power to effect termination of such continued employment. Therein lies the difficulty with this case because all concerned have assumed that the Teachers' Retirement System possesses and is about to exercise that power, although that body has not actively participated in this action.

It would appear to us that the Teachers' Retirement System was primarily designed to *provide benefits* to certain qualified superannuated or disabled members and lacks the statutory power to enforce a member's retirement without consent when potentially disabling physical manifestations arise (cf. *Hunn* v. *New York State Teachers' Retirement System,* 264 App.

Div. 188, revd. on other grounds 289 N. Y. 171; *Matter of Fitzpatrick* v. *New York State Teachers' Retirement Bd.,* 212 App. Div. 760). However, we do not find it necessary or appropriate to resolve that precise question at the present time since we cannot indulge in a presumption that the Teachers' Retirement System would proceed to exercise such authority, if possessed, in an unconstitutional manner without affording this plaintiff the prior opportunity for an adversary hearing. It is enough to state that the instant action should have been dismissed as premature in that respect. While we express no opinion on plaintiff's blindness as it might affect his teaching competency, the failure to grant him a hearing on that issue before termination of employment, whether by the Teachers' Retirement System or the employing school district, was obviously improper and mandates affirmance of that portion of the order appealed from which directed his reinstatement.

The judgment and order should be modified, on the law and the facts, by reversing so much thereof as declared a portion of subdivision 1 of section 511 of the Education Law unconstitutional, and, as so modified, affirmed, without costs.

COOKE, J. (concurring). The situation which confronts us is essentially one of a summary termination of a tenured teacher's employment. It is significant that petitioner's employment was terminated by the appellant school board on February 19, 1973 while the board's application for disability retirement was still pending. Thus, *Matter of Balash* v. *New York City Employees' Retirement System* (34 N Y 2d 654) is distinguishable as the employee there was involuntarily retired by the Retirement System.

Appellant contends that such termination is permissible because there is no factual dispute as to respondent's disability — blindness. This argument rests on the unsound premise that blindness per se is sufficient grounds for termination via involuntary disability retirement. The legislative policy, clearly expressed in section 3004 of the Education Law, is to the contrary and dictates that blindness in and of itself shall not disqualify an otherwise qualified teacher from employment. There would be no sense in providing that a person be not prevented from qualifying for a position as a teacher solely by reason of blindness if his or her services as a teacher could later be terminated merely because of that blindness.

Thus, in order to terminate respondent's employment on grounds of disability, the appellant must demonstrate that he is incapacitated for the performance of duty (Education Law,

§ 511, subd. 1).* This contemplates a hearing prior to termination to be afforded by the school board, at least where the board and the employee on whose behalf the retirement application is filed have "sharply divergent interests" (*Snead* v. *Department of Social Servs. of City of N. Y.*, 355 F. Supp. 764, 773 [S. D. N. Y., 1973], app. pending 42 U. S. L. W. 3034 [Doc. No. 72–1617]; see *Matter of Balash* v. *New York City Employees' Retirement System, supra*).

Nothing related herein exempts the Retirement Board from its separate statutory duty to determine eligibility for retirement at the appropriate time upon the required reports, accordingly as it determines the question of fact of disability (*Matter of Fitzpatrick* v. *New York State Teachers' Retirement Bd.*, 212 App. Div. 760, affd. 241 N. Y. 515).

HERLIHY, P. J., STALEY, JR., and SWEENEY, JJ., concur; COOKE, J., concurs in a separate opinion.

Judgment and order modified, on the law and the facts, by reversing so much thereof as declared a portion of subdivision 1 of section 511 of the Education Law unconstitutional, and, as so modified, affirmed, without costs.

---

* In order to meet its burden, appellant must prove more than a mere inability to perform ministerial acts incidental to teaching duty, e.g., taking attendance (see *Matter of Chavich* v. *Board of Examiners of Bd. of Educ. of City of N. Y.*, 23 A D 2d 57, 67–68 [dissenting opn. per RABIN, J.], affd. 16 N Y 2d 810). Were these disabilities, which flow directly from the fact of blindness itself, sufficient to warrant termination, the protection afforded by section 3004 would be illusory (see N. Y. Legis. Annual, 1971, pp. 154, 558).