■ In the Matter of EUGENE COOPERMAN, Respondent, v COMMISSIONER, DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered May 10, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, and directed respondent commissioner to reinstate petitioner to his position as parole officer in the Department of Correctional Services with back pay from October 23, 1975. In June, 1975 petitioner suffered a heart attack and a diabetic condition was discovered, and he was hospitalized. Upon petitioner's request he was granted a leave of absence from his duties with pay at that time. Shortly thereafter petitioner was notified that he would be required to undergo an Employee Health Service medical examination, pursuant to subdivision (e) of section 21.3 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 21.3 [e]) before he could be permitted to return to work. This examination was conducted and the Department of Correctional Services was advised by a physician with the Employee Health Service that petitioner was physically incapable of performing the duties of his position. Thereupon petitioner was notified that he would not be permitted to return to work. Petitioner then submitted statements from three physicians of his choosing which stated that he could return to work and perform the duties of his position without limitation, and petitioner requested reinstatement, which was refused. In granting petitioner's application for reinstatement, Special Term reasoned that the failure to reinstate him to his position was tantamount to a dismissal; that while an employee absent on leave due to illness may properly be required to undergo a physical examination before resuming the duties of his position, the physical examination alone cannot be determinative of the termination of employment of a permanent employee without affording him the procedural safeguards and hearings mandated by section 75 of the Civil Service Law. On this appeal appellant takes the position that subdivision (e) of section 21.3 of the Rules and Regulations of the Department of Civil Service contains the only procedure required to be followed in the instant case. Appellant also contends that the refusal to reinstate petitioner to his position does not constitute a denial of due process, as claimed by petitioner, since appellant's determination is reviewable under CPLR article 78. We do not find appellant's arguments persuasive. The aforesaid regulation of the Department of Civil Service permits an appointing authority to require an employee who has been absent because of personal illness to submit to an examination by a physician designated by the appointing authority as a condition of his return to duty in order to establish that he is capable of performing the normal duties of his position and that his return will not jeopardize the health of other employees (4 NYCRR 21.3 [e]). No provision is made for any hearing to determine a disputed question of disability, as is the case here, nor for appealing or otherwise challenging the determination of the examining physician or of the appointing authority. We agree with Special Term that petitioner's rights in continued employment are safeguarded by procedural due process and cannot be extinguished except upon cause, following an opportunity for a hearing (see *Board of Regents v Roth,* 408 US 564; *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357; *Bevan*

v *New York State Teachers' Retirement System,* 44 AD2d 163, mot for lv to app den 35 NY2d 641). Nor could a review pursuant to article 78 be considered an adequate safeguard of petitioner's rights since his property interest is his permanent civil service position, which has been placed in jeopardy by the refusal to permit him to return to his duties. While section 73 of the Civil Service Law permits the department to terminate an employee who has been continuously absent for one year or more due to physical disability, petitioner had not been absent for a year at the time of the commencement of this proceeding, and, consequently, section 73 would have no application. It is clear, however, that the refusal to reinstate petitioner has resulted in the imposition of an involuntary leave of absence, which upon the expiration of one year subjects him to dismissal from employment under the statute. We conclude, therefore, that Special Term properly directed reinstatement of petitioner with back pay (cf. *Matter of Bodnar v New York State Thruway Auth.,* 52 AD2d 345, app dsmd 40 NY2d 845). Judgment affirmed, with costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur. [86 Misc 2d 610.]