OPINION OF THE COURT
Aaron E. Klein, J.
The petitioner, Joseph J. Hill, seeks by way of this CPLR article 78 proceeding an order directing the respondent, New York State Teachers’ Retirement System (hereinafter referred to as the "system”) to recompute the petitioner’s retirement allowance under subdivision 3 of section 511 of the Education Law based upon the formula provided for retirees who are under the age of 55 years, and who retire by filing an application for disability retirement, and that the system be ordered to pay the difference between recomputed allowance and his present one retroactively to September 16, 1977 with interest thereon.
The following facts are not in dispute. On August 18, 1977 *97 Joseph J. Hill filed an application for medical disability retirement with the system under section 511 of the Education Law. His application was approved on the recommendation of the medical board on December 19, 1977. Pursuant to the procedure of the system, his retirement was made effective retroactively to September 17, 1977, 30 days after the petitioner filed his application and coincidentally on his 55th birthday.
Under section 511 of the Education Law a member who is under age 55 when he retires is entitled to retirement benefits calculated pursuant to subdivision 3 of section 511. Whereas, a retiree who is 55 or over when he retires is entitled to disability retirement benefits calculated in the same manner as regular service retirement, applying the formula found in subdivision 4 of section 535. It suffices to say for the purposes of this proceeding that the petitioner is now receiving less than one half the amount he would have received had his application become effective on September 16, 1977, the date he requested in the application. The reason for this variance is that Hill’s retirement became effective on September 17, 1977, his 55th birthday; and, therefore, his benefits were calculated pursuant to the section 535 (subd 4) formula.
In this proceeding the petitioner challenges the system’s procedure which, when retirement disability is granted, makes the retirement effective retroactively 30 days after the date the application was filed. This procedure will be hereinafter referred to as the "30-day rule”.
The petitioner alleges four separate causes of action which question the validity of the "30-day rule”. The first two are: (1) The "30-day rule” adds a precondition to retirement not set forth in section 511 of the Education Law; and it is, therefore, void as beyond the respondent’s authority to promulgate. (2) " '30-day rule’ * * * in no way relates to the administration and transaction of the respondent’s business, and is, therefore, void as a rule which the respondent is not authorized to promulgate under Education Law § 504.”
These two contentions will be treated together as they both question the right of an administrative agency to make regulations. The petitioner concedes that an administrative agency has the right to make regulations so long as they are not unreasonable. However, it is urged that the "30-day rule” herein does not relate to the respondent’s administration of its business. The respondent attempts to distinguish two Appellate Division, Third Department, cases, Matter of Fitzpatrick v *98 New York State Teachers’ Retirement Bd. (212 App Div 760, affd 241 NY 515) and Matter of Henken v New York State Teachers’ Retirement Bd. (35 AD2d 399), on the ground that they are cases wherein the members died less than 30 days after filing, and prior to any determination of the application’s validity. Yet, the court stated in Henken (p 400): "The basis for the respondent’s position was a resolution adopted by it on June 6, 1924 pursuant to subdivision 1 of section 504 of the Education Law which provides that 'all claims, if approved, shall become effective 30 days after filing of the application for retirement’. Appellant urges that this 30-day rule could not be adopted by the respondent pursuant to subdivision 1 of section 504 because it is not a rule or regulation pertaining to the administration and transaction of the board’s business. We cannot agree with this contention (Matter of Fitzpatrick v. New York State Teachers’ Retirement Bd., 212 App. Div. 760). Such a rule is not unreasonable or beyond the scope of the board’s authority (Matter of Fitzpatrick v. New York State Teachers’ Retirement Bd., supra, p. 762).”
In this court’s view the above-quoted language is dispositive as to the reasonableness of the "30-day rule”. Furthermore, there is no question as to the genuine relationship between the "30-day rule” and the administration and transaction of the system’s business. Again, the court stated in Fitzpatrick (212 App Div 760, 762, supra) as follows: "Doubtless, the Legislature, realizing that a multiplicity of disability cases, worthy and unworthy, would arise, and that an extended period of investigation and deliberation would be required to dispose of them, considered it unwise to establish an arbitrary period within which decisions thereupon must be given. * * * Inevitably a multitude of disability cases must arise. Inevitably a substantial period of time must be required carefully to investigate and correctly to decide them. The preservation of the fund, and the security of its countless members, hang upon the justness of the decisions made in such cases. A rule has been adopted by the board that disability claims, if approved, shall not become effective until at least thirty days after their filing. We think this rule is not unreasonable.” On this basis, and under the authority vested in the retirement board in subdivision 1 of section 504, this court finds that the "30-day rule” relates to the administration and transaction of the system’s business and falls clearly within the authority of the board to promulgate.
*99 The fourth cause of action alleges the "30-day rule” is arbitrary and unreasonable as applied to the petitioner since it places a burden on him causing a significant loss which is not required by section 511 of the Education Law. The thrust of the petitioner’s argument is that, although a period of 30 days to investigate a disability is not unreasonable, the application of the "30-day rule” in this case is not merely to impose a 30-day waiting period, but moreover creates an entirely different retirement formula. Consequently, the petitioner is categorized as a 55-or-over retiree, receiving less than one half the benefits he would have received, had he not been so categorized.
The petitioner has further asserted, in the fourth cause of action, that the "30-day rule” is arbitrary and capricious for its failure to provide for a procedure to challenge it, as allegedly required by section 205 of the State Administrative Procedure Act. This court finds the reliance placed by the petitioner on section 205 is misplaced. Reading section 102 of the State Administrative Procedure Act, together with section 100, it is clear that at least one member of an "agency” sought to be regulated by section 205 must be appointed by a Governor. Under subdivision 2 of section 504 of the Education Law, the New York State Teachers’ Retirement Board is composed of nine members who are not appointed by the Governor. Therefore, section 100 of the State Administrative Procedure Act impliedly exempts the board by virtue of its definition of agency.
The various provisions of article 11 of the Education Law must be harmonized to give the entire statutory scheme meaning and consistency. In Fitzpatrick (supra) the court recognized the legislative intent to allow the system to implement its own procedures through regulations and rules rather than set an arbitrary period of time.
The "30-day rule” has been specifically held valid by the courts in Fitzpatrick (241 NY 515, supra) and Henken (35 AD2d 399, supra). This court, taking into consideration the expansive language of subdivision 1 of section 504: "The general administration and responsibility for the proper operation of the retirement system and for making effective the provisions of this article shall continue to be vested in a retirement board. The retirement board shall from time to time establish rules and regulations for the administration *100 and transaction of its business” cannot say that the "30-day rule” places an unnecessary burden on the petitioner.
The third cause of action alleges the "30-day rule” is void for failure to transmit it to the Secretary of State pursuant to section 102 of the Executive Law. The respondent relies heavily on the argument that the "30-day rule” is exempt from filing as it falls within that class of rules which are "interpretive”.
The New York Constitution provides in section 8 of article IV as follows: "No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.” In response to this constitutional mandate, the Legislature enacted subdivision 1 of section 102 of the Executive Law: "Each department, board, bureau, officer, authority, commission or other agency of the state, authorized by statute to adopt codes, rules or regulations shall transmit to the secretary of state a certified copy of every such code, rule and regulation except such as relate solely to the organization or internal management of such department, board, bureau, authority, commission or other agency of the state in force at the time of such transmittal or to become effective thereafter, certified by the head of such department, board, bureau, authority, commission or other agency of the state, or if such head is a board or commission, by the chairman or secretary thereof, together with a citation of the statutory authority pursuant to which each such code, rule or regulation was adopted.” Both parties cite People v Cull (10 NY2d 123) as the landmark case interpreting and applying section 102 of the Executive Law. Judge Fuld stated for a unanimous court (p 129): "The Constitution, in the clearest of language, requires that every rule and regulation made by board, bureau, officer, authority or commission — 'except such as relates to the organization or internal management’ of such office or agency — be filed in the office of the Department of State if it is to be effective. We know that underlying the provision was the desire to have all rules and regulations affecting the public filed in one, easily available, central place. We should not strive to read exceptions into the section or construe it so as *101 to permit the official in charge of the bureau, commission or authority to avoid the necessity of filing by attaching the label 'order’ or 'statement of policy’ or some other term to what is essentially a rule or regulation. The spirit and design of the constitutional provision are best effectuated by requiring the administrator, if he wishes the rules and regulations of his agency or department to be effective, to file them no matter what label is assigned to them.”
The court has reviewed both Cull (supra) and People v Widelitz (39 Misc 2d 51) and is not persuaded that the "30-day rule” is merely an "interpretive” rule; in fact, the court is not persuaded that such a distinction exists. In any event, it is evident to this court that the "30-day rule” " 'establishes a pattern or course of conduct for the future.’ ” (Cull, supra, p 126, quoted in Widelitz, supra, p 54.) Hence, the rule should have been transmitted.
Although Widelitz (supra) held that an actual application form itself need not be filed to meet the constitutional mandate of section 8 of article IV, it still was necessary to file, "a parent rule or regulation (or rules or regulations) which contains the substance of each part of the requirements set forth in the application” (People v Widelitz, supra, p 56) to meet the mandate.
The petitioner’s application form had the "30-day rule” printed on it; and it is admitted that the "30-day rule” was never transmitted to the Secretary of State as required by section 102 of the Executive Law. The cases of Zayciek v State of New York (86 Misc 2d 701), Sturman v Ingraham (52 AD2d 882) and Percy v Brennan (384 F Supp 800) find no fault with nor exceptions to section 102 of the Executive Law. Whiting v Marine Midland Bank (80 Misc 2d 871, 878-879) stated: "In a landmark 1961 decision in People v Cull (10 NY2d 123), our Court of Appeals pointed out with crystal clarity the application of this constitutional requirement to State agencies and departments. The court noted that the purpose of this provision was not only to provide notice, but to place in one central place where they could be found those codes, rules and regulations that had been enacted affecting a person’s particular interest.”
The "30-day rule” does not relate solely to the organizational or internal management of the system. It must be transmitted to the Secretary of State to be effective. It was not, and, accordingly, the "30-day rule” is not effective to *102 prevent the petitioner from having his disability retirement allowance computed on the basis of the formula provided for disability retirees who are under 55.
The respondent would have the petitioner’s retirement allowance computed prospectively from December 19, 1977 since it is claimed that the disability retirement was not effective until the retirement board approved the application. Subdivision 1 of section 511 of the Education Law states: "Retirement on account of disability shall be made under the following conditions: A member who has completed at least fifteen years of total state service or a member who is a present teacher and who has completed twenty years of service, the last ten of which were state service, may be retired on account of disability either upon the application of his employer or upon his own application or that of a person acting in his behalf, if the retirement board, after a medical examination of said member by a physician or physicians designated by said board shall determine upon the basis of a report submitted by said physician or physicians that the said member is physically or mentally incapacitated for the performance of duty, that he was incapacitated at the time he ceased teaching and that said member ought to be retired.” The respondent has attempted to interpret this language to mean that retirement is not effective until after the retirement board acts on an application. This, of course, means only that the board cannot find some one disabled until it has first reviewed the medical evidence. Both Fitzpatrick (supra) and Henken (supra) deal with applicants who died within 30 days of their application. The courts held that no determination as to the disability application could be made since no physical findings had been rendered. No inferences of disability would be relied on to make the retirement effective as of the date the application was filed without the necessary medical evidence. These cases can be distinguished. Here the petitioner has been determined to be incapacitated and has ceased teaching. The board has found he "ought to be retired”. (Education Law, § 511, subd 1.) It appears to this court that on the date he requested (Sept. 16, 1978) his retirement become effective, both conditions of the statute had been met. He was incapacitated and no longer teaching, and having survived long enough for the board to determine these facts in his favor, there appears no statutory or logical reason for making his retirement from December 19, 1977.
*103 Consequently, the petition is hereby granted on the ground that the "30-day rule” is invalid, the reason being the respondent has failed to transmit it to the Secretary of State as mandated by section 102 of the Executive Law.