■ In the Matter of JAMES L. WHITMARSH, Respondent, v INCORPO-RATED VILLAGE OF OYSTER BAY COVE OF THE TOWN OF OYSTER BAY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants to terminate petitioner's employment as a police officer, the appeal is from a judgment of the Supreme Court, Nassau County, entered April 20, 1978, which directed that petitioner be reinstated on condition that he be approved for duty by a physician selected by the Nassau County Civil Service Commission. Judgment affirmed, with costs. By

letter dated February 1, 1977, the appellant village advised petitioner that his one-year leave of absence due to illness had terminated on January 31, 1977, and "cannot be renewed in view of the fact that you did not pass the Civil Service medical examination which you previously requested." Appellants contend that the four-month limitation period contained in CPLR 217 began to run from the date of the letter of February 1, 1977, and that as a result, this proceeding, which was commenced by petitioner on July 27, 1977, was untimely. We decline to so hold. This court in *Matter of Johnson v Director, Downstate Med. Center* (52 AD2d 357, 361 [opn by Shapiro, J.], affd 41 NY2d 1061) quoted with approval the holding in *Matter of Sirles v Cordary* (49 AD2d 330): " 'an employee * * * who is discharged from his governmental position *without a hearing* is not required to seek reinstatement within four months from discharge, but may delay until such time as he has demanded reinstatement and has been refused, provided he has not so unduly delayed seeking reinstatement as to be guilty of laches.' " Contrary to appellants' assertion, we do not consider the physical examination of petitioner on November 15, 1976, the "equivalent of a hearing." Accordingly, there being no assertion of laches by appellants, we hold that this proceeding was timely commenced. Turning to the merits, appellants' contend that petitioner's employment was properly terminated at the expiration of his leave of absence on January 31, 1977, based upon petitioner's failure to pass a civil service commission physical examination on November 15, 1976 (see Civil Service Law, § 73). However, in early January, 1977, prior to the expiration of petitioner's leave of absence, petitioner notified appellants that his personal physician had certified that he was fully recovered and medically suited to resume his police duties. It was thereupon appellants' obligation, short of immediate reinstatement to duty, to verify petitioner's fitness through a further physical examination (cf. *Matter of Cooperman v Commissioner, Dept. of Correctional Servs. of State of N. Y.,* 57 AD2d 989). Their failure to do so or otherwise prevent automatic expiration of petitioner's leave of absence resulted in petitioner's placement in a status which subjected him to dismissal from employment. We hold this was error. We have considered appellants' other contentions and find them to be without merit. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.