■　In the Matter of Andrew P. Dolan, Respondent, v Robert P.

WHALEN, as Commissioner of the New York State Department of Health, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 1, 1978 in Albany County, which granted petitioner's motion for consolidation, declared the attempted termination of petitioner's employment null and void, granted petitioner additional sick leave and restored him to his former position as Senior Attorney. Upon the present record, it appears that subsequent to his initial application for CPLR article 78 relief in the nature of mandamus seeking sick leave at half pay, the appellant mooted the issue by granting such leave. However, the appellant notified the petitioner that as of March 20, 1978, if he were still absent from work on sick leave, his position would be terminated pursuant to section 73 of the Civil Service Law. Following the termination of his employment, the petitioner moved by way of an order to show cause to compel his reinstatement. While there may be some doubt as to the sufficiency of the papers herein, Special Term appears to have treated the motion as one to amend the petition and we do not find that it abused its discretion in exercising its jurisdiction. However, procedurally, Special Term erred in determining the matter on the merits prior to the filing of an answer by the appellant (CPLR 7804, subd [f]; *Matter of Bier v Sarafan,* 54 AD2d 1054). Nevertheless, the appellant upon oral argument seeks a final determination on the merits and in this case it appears appropriate to consider the merits (cf. *Matter of Bayswater Health Related Facility v New York State Dept. of Health,* 57 AD2d 996; *Matter of De Vito v Nyquist,* 56 AD2d 159, affd 43 NY2d 681). It is well established that pursuant to section 73 of the Civil Service Law,* the appellant had the authority to dismiss the petitioner *(Matter of Cooperman v Commissioner, Dept. of Correctional Servs. of State of N. Y.,* 57 AD2d 989, 990; *Matter of Bodnar v New York State Thruway Auth.,* 52 AD2d 345, app dsmd 40 NY2d 845). The petitioner's status as a civil service employee was no better than probationary on and after March 20, 1978, regardless of whether or not he remained ill. Accordingly, Special Term erred when it found that the employer lacked the authority to terminate the employment. Insofar as the petitioner's allegations of bias and animosity are concerned, the reason for the exercise of discretion by the commissioner is not required to be considered as long as there is no allegation of unlawful discrimination. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.

---

* Section 73 of the Civil Service Law, as pertinent herein, provides: "When an employee has been continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability * * * his employment status may be terminated and his position may be filled by a permanent appointment."