OPINION OF THE COURT
Richard F. Kuhnen, J.
Petitioner, a tenured school teacher employed by the Ithaca City School District, seeks to enjoin the district from holding a hearing to determine whether it should file an application with the New York State Teachers’ Retirement System for involuntary retirement by reason of mental or physical incapacity from performance of duties.
Petitioner disputes the right of the district to hold such a hearing and insists that the retirement system is the proper body to hold the hearing.
On September 24, 1980, we rendered a written decision, stating that in our opinion the scheduled hearing was proper and that the petition should accordingly be dismissed. However, we withheld a final decision to that effect pending the inclusion of the State Teachers’ Retirement System as a party, on motion, as the system, appearing informally, indicáted to the court that it felt that the petition should be granted.
The retirement system has now been made a party and has filed an answer to the petition, reasserting its position as a matter of record, a position which counsel for the *742 retirement system, the Attorney-General, summarizes as follows:
“(1) the Petitioner is entitled to the relief requested, because there is no statutory authority for the School District to hold the proposed hearing;
“(2) the Retirement System does not have authority to hold a hearing on the involuntary application of a School District not joined in by the affected teacher; and
“(3) Section 3020-a of the Education Law, in conjunction with Section 3020 thereof, provides the appropriate vehicle for the District and Mr. Carver to resolve their difficulties.”
As we indicated in our prior decision, we feel that section 3020-a is essentially a disciplinary procedure having no application to a request for disability retirement. It provides in subdivision 4 for “penalty or punishment, if any [which shall consist] of a reprimand, a fine, suspension for a fixed time without pay or dismissal”. The word “retirement” does not appear anywhere in the section. If this were an oversight it requires legislative not judicial correction.
That a hearing “whether by the Teachers’ Retirement System or the employing school district” is nevertheless required in order to effect due process, has been held in Bevan v New York State Teachers’ Retirement System (44 AD2d 163, 166). We find no statutory provision directing that the hearing be held before a panel as in section 3020-a, and presumably the selection here of an ad hoc hearing officer should be sufficient in the absence of any showing of conflict of interest or any other disqualification.
That the retirement system has no statutory authority to hold such a hearing is not determinative of the issue if the constitutional requirement of due process mandates a hearing before a decision may be made, as the Bevan decision holds.
A more important question, as we pointed out, is whether the retirement system is correct in stating that it has no legal authority to compel retirement of an unwilling employee. This question was specifically left open in the Bevan decision. (supra), although the court indicated *743 that it felt that the system does lack that power. Whether it has that power or not, it seems clear that the school district does not have such power, only the power to request it of the retirement system. Section 511 (subd 1) of the Education Law contemplates a request to the retirement system for retirement “upon the application of his employer or upon his own application” (the former presumably in the case of an involuntary retirement). In our opinion, this authorizes the retirement system to grant such involuntary retirement.
The retirement system may still turn down the application, as pointed out in Bevan (supra), if it determines, after its own medical examination, pursuant to subdivision 1 of section 511, that the member is not physically or mentally incapacitated for the performance of duty.
What bothers petitioner is the possibility of conflicting decisions by the school district and the retirement system. As his counsel states: “To permit as urged by the respondent Retirement System, a section 3020-a hearing to determine petitioner’s status is to create the possibility of contrary determinations by two agencies, each of which would be re viewable in Article 78 proceedings and which could further result in two contrary court determinations dealing with the identical subject matter.”
We foresee no such dilemma as counsel anticipates, holding as we do that section 3020-a would be applicable only if the school district were attempting to dismiss or discipline petitioner, which it is not. The only purpose of a hearing under subdivision 1 of section 511 is to determine whether an application for involuntary disability retirement should be made to the retirement system. Final decision on the retirement issue will still be subject to the retirement system’s own medical examination.
Although, as pointed out, the court in Bevan (supra), indicated that a hearing before either body would satisfy due process requirements, we feel that better procedure would be for such a hearing to be held by the school district as, if it decided not to file the application, that would end the matter. On the other hand, there would seem to be no point in holding the hearing before the *744 retirement system prior to any application received from the school district.
For the reasons outlined, the petition is accordingly dismissed.