■ In the Matter of KENNETH MILLER, Respondent, v EDWARD V. REGAN, as New York State Comptroller, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term, entered November 29, 1979 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied a motion to dismiss the petition, directed that respondent Comptroller conduct a medical evaluation of petitioner and/or hold a new hearing pursuant to section 74 of the Retirement and Social Security Law, ordered that in the event it was determined that petitioner was not permanently incapacitated from the performance of his duties he be returned to his former duties by respondent Department of Correctional Services, and ordered that in the event it was determined that he was so incapacitated he be provided with the benefits provided by section 63 of the Retirement and Social Security Law. Petitioner, an employee of the Department of Correctional Services, was injured in an automobile accident on October 18, 1974 and did not return to his employment thereafter. In November, 1975, petitioner was examined by a physician who reported that he was unable to work. Based on this physician's report, petitioner was terminated from his position as of February 25, 1976, pursuant to section 73 of the Civil Service Law. An application for an ordinary disability retirement allowance dated February 28, 1976, was filed by petitioner pursuant to section 62 of the Retirement and Social Security Law and on August 24, 1976 his application was disapproved. He filed an appeal and following several hearings the respondent Comptroller found that petitioner was not incapacitated from performing the duties of his job. Accordingly, his application for an ordinary disability retirement allowance was denied by determination dated January 26, 1979. This proceeding was then commenced seeking a judgment directing that petitioner be provided with an ordinary disability retirement allowance or, in the alternative, that he be reinstated to his former position with full benefits, retroactive to February 25, 1976. Prior to serving an answer, respondents moved to dismiss the petition. Special Term denied respondents' motion, and directed respondent Comptroller to conduct a medical evaluation of petitioner and/or hold a new hearing pursuant to section 74 of the Retirement and Social Security Law. If it was determined that petitioner was not permanently incapacitated for the performance of his duties, the Department of Correctional Services was ordered to return him to his former duties with full benefits retroactive to February 25, 1976. In the event it was determined that he was so incapacitated, the Comptroller was ordered to provide him with all benefits provided by section 63 of the Retirement and Social Security Law. This appeal ensued. Section 73 of the Civil Service Law provides, in pertinent part, as follows: "When an employee has been continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the workmen's compensation law, his employment status may be terminated and his position may be filled by a permanent appointment." Provision is also made in this section for reinstatement to a former position following termination of the disability. When the operative facts triggering the application of section 73 are in dispute, the employee is entitled to a hearing and such hearing may even be held following his termination (Matter of Economico v Village of Pelham, 50 NY2d 120). The petitioner herein did not request such a hearing nor did he seek any review of his termination. Apparently, petitioner accepted the determination that he was absent from work for one year or more due to a non-service-related disability. In order to grant an ordinary disability retirement allowance, the Comptroller must determine

that a member is physically or mentally incapacitated for the performance of duty (Retirement and Social Security Law, § 62). Contrary to petitioner's contention, the Comptroller was not bound by the decision of the Department of Correctional Services to terminate petitioner. Section 73 of the Civil Service Law merely required that petitioner be absent from work for one year or more due to a non-service-related disability in order for termination of employment, not that such disability be permanent. When the disability ends, the employee may seek reinstatement (Civil Service Law, § 73). The petitioner did not seek reinstatement. Conceivably, an employee could be properly terminated pursuant to section 73 and, if his disability ended thereafter, he would not be entitled to an ordinary disability retirement allowance based on the disability which had ended. Accordingly, the issues before the Comptroller and the Department of Correctional Services differed and under such circumstances the doctrines of collateral estoppel and *res judicata* are not applicable (see *Matter of Ross v Town Bd. of Town of Ramapo,* 78 AD2d 656). Although we are of the opinion that the Comptroller may conclude that an individual is not physically incapacitated for the performance of duty and thus deny an ordinary disability retirement allowance subsequent to the individual's termination from employment pursuant to section 73 of the Civil Service Law, we are unable to resolve this matter on the present record. Special Term erred in awarding petitioner affirmative relief without allowing respondents to interpose an answer (CPLR 7804, subd [f]; *Matter of Dolan v Whalen,* 71 AD2d 699). Petitioner also raised a question of substantial evidence in his application. The record, however, does not contain a transcript of the hearings held nor any medical reports submitted and, therefore, it is insufficient for a proper review as to whether or not the Comptroller's determination is supported by substantial evidence. Consequently, the matter must be remitted to Special Term with leave granted to respondents to serve an answer within 10 days of the entry of the order herein and for further proceedings not inconsistent herewith. Judgment reversed, on the law, without costs; matter remitted to Special Term for further proceedings not inconsistent herewith and leave granted to respondents to serve an answer within 10 days of the entry of the order herein. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.