■ In the Matter of SIDNEY D. CYMBALSKY, Petitioner, v DONALD DILWORTH, as Commissioner, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the Suffolk County Police Department, dated August 2, 1981, which, after a hearing, dismissed petitioner from his position as a police officer. Petition granted, to the extent that the determination is annulled, on the law, without costs or disbursements, and the respondents are directed to reinstate petitioner retroactive to the date of his dismissal with full pay and benefits less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received in the interim. Petitioner was charged with, *inter alia,* disobeying an order of the Commissioner of the Suffolk County Police Department to refrain absolutely from taking any official action when off duty against apparent violations of law in his neighborhood. It was petitioner's position during his hearing pursuant to section 75 of the Civil Service Law that he had merely been advised to refrain from taking any official action unless necessary. The hearing officer recommended that petitioner be found guilty after concluding that the commissioner had "made his intentions clear that he wanted the officer to cease retaliating against his neighbors". The recommendation was accepted by the deputy commissioner. The determination cannot be sustained. It is true that the finding respecting the nature of the commissioner's directive is supported by some evidence in the record, namely, the commissioner's version of what transpired during his meeting with petitioner. Pursuant to the collective bargaining agreement between the county and petitioner's union, however, interrogations were to be recorded. The recording requirement, if honored in this case, would have resolved the issue of fact respecting the nature of the commissioner's order, if any, to petitioner. The commissioner's position during the hearing had been that his interview with petitioner was merely a "conversation" and his order was "more or less a guidance, rather than a specific directive". The provision of the collective bargaining agreement, however, covers investigations of citizen complaints conducted by the Inspectional Services Bureau or superior officers designated by the commissioner. At the time of his interview with petitioner the commissioner had received a citizen complaint about petitioner which he had forwarded to the deputy commissioner in charge of the Inspectional Services Bureau. During his interview, the commissioner discussed petitioner's relations with his neighbors and concluded that petitioner had misconstrued his authority. Hence the fact that the commissioner intervened in the investigation directly and apparently in the belief that he was doing so informally did not eliminate the need for compliance with the recording requirement of the collective bargaining agreement. Accordingly, there was not substantial evidence in this record that petitioner disobeyed a lawful order. We note that the measure of discipline imposed upon petitioner was also unlawful. The hearing officer recommended that petitioner forfeit several vacation days and be placed on one year's probation, provided that psychological testing found him fit for duty. The deputy commissioner accepted this suggestion and directed petitioner to undergo testing. Upon receipt of the reports from two psychiatrists concluding that petitioner was not fit, the deputy commissioner made the determination under review here to dismiss petitioner. Technically, therefore, petitioner was not dismissed upon a finding of guilt pursuant to section 75 of the Civil Service Law, but upon a finding of unfitness. Any action taken upon that ground, however, must follow the procedures specified in sections 72 and 73 of the Civil Service Law. Therefore, the determination of the deputy commissioner must be annulled, and the petition granted to the extent that petitioner is restored to his position, with back pay, less the deductions specified in subdivision 3 of

section 75 of the Civil Service Law. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.