■ In the Matter of DANIEL J. DRISCOLL, Appellant, v DEPARTMENT OF FIRE OF THE CITY OF SYRACUSE et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed, on the law, with costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: We find the application by petitioner, a former fire fighter for the City of Syracuse, to have been timely made. Inasmuch as this proceeding involves a demand by petitioner to be afforded a medical hearing or reinstatement as required by Civil Service Law § 73, it sounds in the nature of mandamus. Therefore, the statutory period does not begin to run until there has been a demand for compliance and a refusal (Matter of De Milio v Borghard, 55 NY2d 216, 219-220; Matter of Central School Dist. No. 2 v New York State Teachers' Retirement Sys., 27 AD2d 265, 267, affd 23 NY2d 213; Austin v Board of Higher Educ., 5 NY2d 430, 442). Petitioner demanded a hearing or reinstatement to his former position by letter dated January 12, 1984 after receiving approval from his personal physician. The city's response of February 14, 1984 constitutes the refusal. Hence the commencement of this proceeding on June 12, 1984 is within the statutory four-month period. Since petitioner's demand was made "within one year after the termination of such disability" (Civil Service Law § 73), he cannot be charged with laches. Furthermore, this proceeding is not barred by res judicata because of the prior article 78 proceeding. The previous judgment, ordering a hearing pursuant to General Municipal Law § 207-a, is a nonfinal, intermediate order. Pending a final determination, res judicata is not applicable.

It has been determined, in a related proceeding, that petitioner's retirement was involuntary. We indicated our agreement in that finding (Matter of Driscoll v Department of Fire, 112 AD2d 751). Such involuntary retirement would be ineffective to extinguish benefits under General Municipal Law § 207-a (Matter of Weber v Department of Fire, 54 AD2d 164,

168; *Matter of Birmingham v Mirrington,* 284 App Div 721) if it is found that his physical disability is related to his job as a fire fighter. Since respondent involuntarily terminated petitioner pursuant to City Ordinances § 11-23, it cannot claim that his utilization of Retirement and Social Security Law § 362 now prohibits petitioner from utilizing Civil Service Law § 73 for reinstatement. Since petitioner was dismissed upon a finding of unfitness, any action taken must follow the procedure specified in the Civil Service Law *(Matter of Cymbalsky v Dilworth,* 97 AD2d 543). When one's disability ceases, he is entitled to seek reinstatement pursuant to Civil Service Law § 73 *(Matter of Miller v Regan,* 80 AD2d 968, 969). Moreover, where it was determined that petitioner's termination was not effected pursuant to section 73, the court held that it was error to refuse petitioner a medical exam under that statute *(Matter of Bodnar v New York State Thruway Auth.,* 52 AD2d 345, 348, *appeal dismissed* 40 NY2d 845; *see also, Matter of Whitmarsh v Incorporated Vil. of Oyster Bay Cove,* 65 AD2d 821, 822).

We agree with the determination pertaining to any claims under Executive Law § 296.

The matter must be remitted to Special Term, with leave to respondent to serve an answer within 10 days of the entry and service of the order herein, for further proceedings not inconsistent herewith. In the interest of judicial economy and to avoid inconsistent rulings, all proceedings pertaining to this issue should be jointly heard and therein resolved. (Appeal from judgment of Supreme Court, Onondaga County, Sullivan, J.—art 78.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.