(January 26, 1989)

■ MURRAY DEMPSEY, Appellant, v CITY OF TROY, Respondent.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered August 13, 1987 in Rensselaer County, which, *inter alia,* denied plaintiff's motion for summary judgment.

In 1965 plaintiff, a firefighter for defendant, was injured in the course of his employment and relieved from active duty until mid-1966. Upon return to active duty, plaintiff continued to discharge the duties of a firefighter until 1973 when, as a result of losing control of an activated fire hose and causing injury to a fellow firefighter, he was determined to be unable to safely fulfill the duties of a firefighter and was placed on disability status with full pay (General Municipal Law § 207-a [1]). In 1978 defendant filed an application on plaintiff's behalf with the Comptroller for accidental disability retirement benefits (Retirement and Social Security Law § 363). This application was denied because no notice of the accident was filed with the Comptroller within 30 days of the occurrence (Retirement and Social Security Law § 363 [former (c)]).

In 1983, following a 1977 amendment to General Municipal Law § 207-a which permitted defendant to require certain of its disabled workers to perform light-duty assignments as a condition to continued receipt of section 207-a benefits (L 1977, ch 965, § 1), plaintiff was ordered to return for light-duty assignment. During his first day back, plaintiff met with defendant's Fire Chief and attorney and filed a request to retire effective November 22, 1983, the 20th anniversary of his employment. Plaintiff's request was approved by defendant's Fire Chief and Commissioner of Public Safety and, on November 22, 1983, plaintiff's retirement became effective. As a result of his retirement, plaintiff now receives a pension in the amount of one half his final year's salary.

Thereafter, plaintiff commenced this action alleging (1) negligence and breach of contract on behalf of defendant in failing to timely file an accident notice with the Comptroller, and (2) improper termination of his full salary under General Municipal Law § 207-a (1). As damages, plaintiff sought both the difference between his current pension and his full salary until age 62 and the difference between his current pension

and the three-quarter disability pay he would have received from age 62 had his application for accidental disability retirement benefits been accepted.

After issue was joined, plaintiff moved for summary judgment. After an initial failure to respond which resulted in a default judgment for plaintiff, defendant moved to reopen the default and cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion to excuse the default but denied both parties' summary judgment motions. With regard to plaintiff's motion, the court not only held that a triable issue of fact existed over whether plaintiff's retirement request was voluntary, which would relieve defendant of any obligation to plaintiff under General Municipal Law § 207-a, it also converted plaintiff's negligence action into one for a declaratory judgment to determine whether plaintiff was entitled to continue to receive his full salary from defendant after his retirement. Plaintiff appeals.

Despite Supreme Court's conversion of plaintiff's negligence action into one for a declaratory judgment, plaintiff continues to argue on this appeal the viability of this theory. We hold that plaintiff has failed to state a cause of action in negligence. At the time of plaintiff's injury, Retirement and Social Security Law § 363 (former [c]) provided that no application for accidental disability retirement benefits would be approved unless written notice was filed with the Comptroller within 30 days of the accident. Plaintiff failed to file such a notice and, despite his claim to the contrary, defendant had no obligation to act for him (see, Bett v City of Lackawanna, 132 Misc 2d 630, 634, affd on opn below 132 AD2d 951, lv dismissed 70 NY2d 1001).

Plaintiff supports his contention that he is entitled to summary judgment by arguing that defendant is statutorily obligated to pay him the difference between the pension he now receives and his regular salary (General Municipal Law § 207-a [2]) to age 62 and thereafter the difference between his pension and his three-quarter disability pay because the Comptroller rejected plaintiff's application for accidental disability retirement benefits. Defendant contends that plaintiff voluntarily retired thereby losing any rights to General Municipal Law § 207-a benefits, and cites to Matter of Weber v Department of Fire (54 AD2d 164, 168), in which the Fourth Department stated that "[o]nce a fireman makes a legally binding retirement and thereby severs his connection with the City, he is no longer entitled to claim benefits under section 207-a". While plaintiff attempts to undermine defendant's

position by arguing that *Weber* was overruled in *Matter of Klonowski v Department of Fire* (58 NY2d 398), so that whether plaintiff's retirement was voluntary or involuntary is no longer controlling, we agree with Supreme Court that subsequent decisions have properly not construed *Klonowski* as a complete abandonment of the *Weber* rule previously quoted *(see, Matter of Driscoll v Department of Fire,* 115 AD2d 300). Indeed, plaintiff cannot analogize his situation to that of the *Klonowski* firefighter, who, unlike plaintiff, was receiving accidental disability retirement benefits. Therefore, since plaintiff avers in his affidavit that his retirement was other than voluntary and defendant has submitted contrary evidence, there exists a material issue of fact which precludes the grant of summary judgment in plaintiff's favor.

Finally, we concur in Supreme Court's decision to convert plaintiff's action in negligence to an action for declaratory judgment. The parties do not challenge the court's action and we agree that a declaratory judgment will properly resolve the issues involved and establish the rights and obligations of the parties.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.